UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Olivia P.,[1]

                                             Plaintiff,          Case # 19-cv-00927-FPG

v.                                                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                             Defendant.
_____

## INTRODUCTION

On July 12, 2013, Plaintiff Olivia P. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. Tr.[2] 136. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a video hearing before Administrative Law Judge Stanley Moskal, Jr. on August 10, 2015. Tr. 136. On October 27, 2015, the ALJ issued an unfavorable decision. Tr. 145. The Appeals Council remanded the case on September 6, 2017. Tr. 151.

Plaintiff appeared at a hearing before Administrative Law Judge Paul Georger (the "ALJ") on June 12, 2018. Tr. 15. At the hearing, Plaintiff and Vocational Expert Dawn Blise (the "VE") testified. Tr. 43-73. On September 28, 2018, the ALJ issued an unfavorable decision. Tr. 30. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3]  ECF No. 1.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her

past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

### I.     The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30, 2011, the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine; anxiety; depression; PTSD; polyarthritis syndrome; Sjögren's syndrome; and migraine headaches. Tr. 18. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 18-21. The ALJ determined that Plaintiff maintained the RFC to perform light work.[4] However, the ALJ found that Plaintiff had non-exertional/exertional limitations including that Plaintiff can: "frequent[ly] reach[ ] in all directions with the left (non-dominant) arm. She can have occasional exposure to unprotected heights and moving mechanical parts. She cannot operate a motor vehicle. She can engage in work involving simple, routine, repetitive tasks and simple work-related

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

3

decisions. She can have occasional interaction with supervisors, co-workers, and the general public." Tr. 21-28.

At steps four and five, the ALJ concluded that there were jobs that existed in the national economy that Plaintiff could perform including, for example, Housekeeper Cleaner; Photocopy Machine Operator; Page. Tr. 30. As such, the ALJ found that Plaintiff was not disabled.

**II.   Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that (1) the ALJ failed to properly evaluate the treating physician opinion of Dr. Rajitha Mallela, M.D.; and (2) the ALJ's RFC finding is unsupported by substantial evidence as his assessment of opinion evidence was erroneous. ECF No. 8-1 at 16-28. Because this Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other argument.

When an ALJ weighs the medical evidence, she must afford controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must comprehensively set forth her reasons for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004).

Although an ALJ must give good reasons for discounting a treating physician's opinion, she does not have to "reconcile . . . every conflicting shred of medical testimony" and may rely on portions of a medical opinion. *Chmura v. Berryhill*, No. 16-CV-205-FPG, 2017 WL 1829728, at *3 (W.D.N.Y. May 8, 2017) (citations and quotation marks omitted). But if an ALJ adopts only part of a medical opinion, she must thoroughly explain why she chose to do so. *See Shaw v. Chater*,

221 F.3d 126, 135 (2d Cir. 2000) (the ALJ erred when he rejected a disability finding in a medical opinion but relied on observations in the opinion showing improvement as proof plaintiff was not disabled); *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) (holding that an ALJ must have "sound reason[s]" for weighting portions of a medical opinion differently if "doing so smacks of 'cherry picking'").

In 2018, treating physician Rajitha Mallela, M.D., assessed Plaintiff and filled out an "Arthritis Residual Functional Capacity Questionnaire."[5] Tr. 1205-1210. Dr. Mallela noted diagnoses of osteoarthritis, spinal stenosis, and bilateral shoulder rotator cuff injuries. Tr. 1206. Mallela also noted that Plaintiff's symptoms included bilateral shoulder pain, back pain, fatigue, and dizziness, and that Plaintiff had "difficulty moving her neck, shoulders[, and] lower back. Tr. 1206. Plaintiff was found to have reduced grip strength, impaired sleep, impaired appetite, abnormal posture, tenderness, and crepitus. Tr. 1206. Dr. Mallela opined that: Plaintiff's pain was frequently severe enough to interfere with attention and concentration; Plaintiff's depression and anxiety affected her pain; Plaintiff's impairments were reasonably consistent with her symptoms; and Plaintiff was unable to work even a low stress job." Tr. 1207. Dr. Mallela also indicated that Plaintiff's impairments could be expected to last at least 12 months. Tr. 1207.

Next, Dr. Mallela considered Plaintiff's functional limitations in a competitive work situation. She found that Plaintiff could: walk half a city block without rest or severe pain; sit for five minutes at one time without needing to get up; and stand for ten minutes at a time before needing to sit down, walk around, etc. Tr. 1209. Dr. Mallela also found that Plaintiff could sit for less than 2 hours total in an 8 hour working day; and stand/walk for less than 2 hours total in an 8 hour working day. Tr. 1208.

---

[5] All other medical opinions were rendered by consultative examiners or State agency review practitioners. *See* Tr. 26-28.

5

The ALJ afforded "partial weight" to Dr. Mallela's opinion. Tr. 28. More specifically, the ALJ gave "substantial weight" to the portion of the opinion that addresses Plaintiff's diagnoses assessment but gave only "little weight to the remainder of the opinion because the evidence . . . does not support the limitations [Mallela] . . . assigned." Tr. 28. This included Dr. Mallela's finding that Plaintiff can only sit for less than 2 hours total in an 8 hour working day; and can only stand/walk for less than 2 hours total in an 8 hour working day. Importantly, if credited this portion of the opinion would have rendered Plaintiff disabled because light and sedentary work both require a greater ability to perform these activities.[6]

The ALJ's reasoning for rejecting Dr. Mallela's findings was twofold: (1) Dr. Mallela had only seen Plaintiff three times; and (2) "Dr. Mallela's own treatment notes with normal musculoskeletal examination findings, does not support the limitations she has assigned." Tr. 28. With respect to the first reason, as Plaintiff points out, "[t]wo personal visits have been found to meet the frequency requirement of [ ] 20 CFR § 404.1502 and § 416.902 to be considered a treating source." *Alazawi v. Comm'r of Soc. Sec.*, No. 18-cv-00633, 2019 WL 4183910, at *3 (W.D.N.Y. Sept. 4, 2019).

Turning to the ALJ's second reason, the Court notes that Dr. Mallela's notes and findings indicated that Plaintiff had: bursitis in the left shoulder and difficulty with neck movements, Tr. 1158; limited range of motion in the left shoulder, Tr. 1158; arthritis in the lower back and cervical spine and a rotator cuff tear in the left shoulder (supported by imaging), Tr. 1153-54; and osteoarthritis, Tr. 1153. The Court fails to understand—and more importantly, the ALJ has failed to explain—how these records may be characterized as "normal musculoskeletal examination

---

[6] Light work requires standing or walking for six hours total in an eight-hour workday with intermittent sitting, and sedentary work requires standing or walking for two hours total and sitting for six hours total in an eight-hour workday. *See* SSR 83-10, 1983 WL 31251, at *5-6 (S.S.A. Jan. 1, 1983); *see also* 20 C.F.R. § 404.1567(a), (b).

findings" despite the Commissioner's argument to the contrary. *See* ECF No. 10-1 at 12-14. Thus, the ALJ lacked "good reasons" for the weight assigned to Dr. Mallela's treating source opinion. *See Halloran*, 362 F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion ....").

"When an ALJ's statement is unsupported and inaccurate, it may be impossible for the Court to conduct a review for substantial evidence." *Collins v. Berryhill*, No. 17-CV-467, 2019 WL 2287787, at *4 (W.D.N.Y. May 28, 2019) (citation & internal quotation marks omitted). "If the ALJ suspected that [Dr. Mallela's] examination findings did not support her opinion, the ALJ was required at the very least to contact Dr. Mallela in this regard." *Id.* at *5. Accordingly, for all the reasons stated, remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 10, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 31, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court